■ BRIDGET D. McELLIGOTT et al., Respondents, v. HARPER VENDING INC., Appellant.— Order, entered April 29, 1965, unanimously reversed, on the law, on the facts and in the exercise of discretion, with $30 costs and disbursements to defendant-appellant, and motion for examination of Paul Martinez denied,

with $10 costs. There was no sufficient showing that the testimony of the witness is "material and necessary in the prosecution" of the action; nor is there a proper factual showing that the witness is "about to depart from the state" or that there exists other "adequate special circumstances" for the taking of his testimony in advance of the trial. (See CPLR 3101.) The plaintiffs admittedly have obtained a written, signed statement from the witness with respect to the accident which is the basis of this action. A good faith showing of the materiality of his testimony would require the disclosure of the contents of such statement, but the plaintiffs, though ordered to do so, have refused to disclose the same. Furthermore, for all that appears, said witness has fully co-operated with the plaintiffs' attorneys and will be available to them on the trial; it does not appear that he is "reluctant, unwilling, or hostile" to plaintiffs' cause. (See 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.31.) Concur — Breitel, J. P., Valente, McNally, Eager and Staley, JJ.